**Wenceslao COLDERON–MONZON, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 11–73967.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2012.*

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

Filed Nov. 16, 2012.

Wenceslao Calderon–Monzon, Orange, CA, pro se.

Jeffrey Bernstein, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, TROTT, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Wenceslao Colderon–Monzon, a native and citizen of Guatemala, petitions pro se for review of a Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal and protection under the Convention Against Torture ("CAT"), and of a BIA's order denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Santos–Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir.2008), and we review for abuse of discretion the denial of a motion to reopen, *Singh v. Gonzales*, 491 F.3d 1090, 1095 (9th Cir.2007). We deny the petition for review.

Substantial evidence supports the BIA's finding that Colderon–Monzon failed to establish that his family membership was or would be one central reason for the harm he experienced and fears in Guatemala. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir.2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). In the absence of a nexus to a protected ground, his withholding of removal claim fails. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005).

Substantial evidence also supports the BIA's denial of CAT protection because Colderon–Monzon failed to demonstrate it is more likely than not he would be tortured by or with the consent or acquiesce of a public official in Guatemala. *See Santos–Lemus*, 542 F.3d at 748. Accordingly, his CAT claim also fails.

In addition, the BIA did not abuse its discretion in denying Colderon–Monzon's motion to reopen. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (the BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law.").

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

